Robert N. Chatigny, U.S.D.J.

The Clerk will docket this letter and send copies of this endorsement to counsel of record. Counsel may file the proposed motion for summary judgment without a prefiling conference on or before April 16, 2004. So ordered.

February 10, 2004.

**jackson lewis**

RECEIVED

Attorneys at Law

JAN 29  4 17 PM '04

CHAMBERS
ROBERT N. CHATIGNY
U.S. DISTRICT JUDGE

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
55 Farmington Avenue
Suite 1200
Hartford, Connecticut 06105
Tel 860 522-0404
Fax 860 247-1330
www.jacksonlewis.com

| | | |
|---|---|---|
| ATLANTA, GA | LOS ANGELES, CA | SACRAMENTO, CA |
| BOSTON, MA | MIAMI, FL | SAN FRANCISCO, CA |
| CHICAGO, IL | MINNEAPOLIS, MN | SEATTLE, WA |
| DALLAS, TX | MORRISTOWN, NJ | STAMFORD, CT |
| GREENVILLE, SC | NEW YORK, NY | WASHINGTON, DC REGION |
| HARTFORD, CT | ORLANDO, FL | WHITE PLAINS, NY |
| LONG ISLAND, NY | PITTSBURGH, PA | |

January 29, 2004

*Complies*

**BY HAND DELIVERY**
Honorable Robert N. Chatigny
United States District Judge
U.S. District Court
450 Main Street
Hartford, CT 06103

Re:    Carlson v. Hartford Financial
       Services Group, Inc.
       <u>Civil Action No.: 303CV0612(RNC)</u>

Dear Judge Chatigny:

Pursuant to the Court's Order on Pretrial Deadlines, Defendant submits this request for pre-filing conference to discuss its intent to file a Motion for Summary Judgment in the above referenced matter. In accordance with the Court's Order, counsel for Defendant has conferred with counsel for Plaintiff. The parties were not able to come to a mutually satisfactory resolution. Nevertheless, as discovery is ongoing, we will confer again prior to filing a motion.

In his complaint Plaintiff claims his employment was terminated due to his age. Plaintiff's two count complaint alleges Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 et seq. ("ADEA") and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat.§ 46a-60 et seq. ("CFEPA"). The second count of the complaint further claims emotional pain and suffering. Defendant did not discriminate against Plaintiff on the basis of this age. Defendant reorganized the department where Plaintiff worked. Jobs were eliminated including the position held by the Plaintiff.

In August 2001, a new position of Manager, Direct Marketing Services (DMS) was created. This position combined the responsibilities of the Production Manager position held by Plaintiff with those of a Program Manager position that had been vacated. Plaintiff was not selected for the newly created position as he did not demonstrate the required skills and his performance in his own position was lacking. As Plaintiff's former position did not continue in the new organization, his job was eliminated. At this time, Plaintiff was 49 years old and the

# jackson|lewis
Attorneys at Law

decision-maker responsible for making the organizational changes in the DMS department was 56. The seven remaining staff members ranged in age from 28 to 56 with a median age of 42.

To establish a prima facie case of age discrimination, Plaintiff must show that he "(1) was a member of a protected class; (2) was qualified for the position; (3) was discharged; and (4) the discharge occurred under circumstances giving rise to an inference of discrimination." Rosen v. Thornburgh, 928 F.2d 528, 532 (2d Cir. 1991). Once a plaintiff establishes a prima facie case, the burden shifts to the defendant to offer a legitimate, non-discriminatory reason for its actions. McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973). "[T]o defeat summary judgment . . . the plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination." Stern v. Trustees of Columbia Univ., 131 F.3d 305, 312 (2d Cir. 1997). Plaintiff cannot show that he was terminated under circumstances giving rise to an inference of age discrimination or that Defendant's reason for terminating his employment, due to a reorganization of his department and elimination of his position, was a pretext for age discrimination.

Plaintiff further cannot show that his position was eliminated under circumstances giving rise to an inference of age discrimination. Reorganization of the DMS department incorporated Defendant's need to address a downturn in business, the need to optimize resources and conserve expenses. A court will not evaluate business decisions or question a corporation's means to achieve a legitimate goal. Dister v. Continental Group, Inc., 859 F.2d 1108, 1115 (2d Cir. 1988); see also Graefenhain v. Pabst Brewing Co., 827 F.2d 13, 20 (7th Cir. 1987) ("A business decision need not be good or even wise. It simply has to be nondiscriminatory . . . ."). Here, Defendant was entitled to make the business judgment that in the face of a downturn in business it could combine a production function position held by Plaintiff with that of vacant position of program manager.

The elimination of Plaintiff's position as part of a department reorganization was not a pretext for age discrimination. To establish pretext, "the plaintiff must produce not simply 'some' evidence, but 'sufficient' evidence to support a rational finding that the legitimate, nondiscriminatory reasons proffered by the defendants were false, and that more likely than not [discrimination] was the real reason for the [employment action]." Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000), cert. denied, 157 L.Ed. 2d 24, 124 S. Ct. 53 (2003) (quoting Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir. 1996)). Here, Plaintiff cannot show either that the stated reason for the elimination of his position was false or that the real reason for his termination was age discrimination.



Attorneys at Law

January 29, 2004
Page 3

Defendant requests the Court approve its request for a pre-filing conference but not schedule a conference until after discovery closes on March 15, 2004. A copy of this request has been provided to Plaintiff's counsel.

Very truly yours,
JACKSON LEWIS LLP

William J. Anthony

cc:    Judith D. Meyer, Esq.